482 S.E.2d 849

**UNITED AIRLINES, INC.**

v.

**Helme V. WALTER.**

**Record No. 2156–96–4.**

Court of Appeals of Virginia,
Alexandria.

March 18, 1997.

Elizabeth A. Zwibel, Fairfax. (Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellant.

Helme V. Walter, pro se.

Present: WILLIS and BRAY, JJ., and HODGES, Senior Judge.

WILLIS, Judge.

On appeal from a decision of the Workers' Compensation Commission awarding Helme V. Walter medical benefits, United Airlines contends that the commission erred (1) in determining that Ms. Walter's photosensitivity was a compensable disease, and (2) in finding that Ms. Walter had proved by clear and convincing evidence that her photosensitivity resulted from her employment by United Airlines. We do not address United Airlines' second contention because the Supreme Court's decision in *The Stenrich Group v. Jemmott,* 251 Va. 186, 467 S.E.2d 795 (1996), compels our holding that gradually incurred photosensitivity is a noncompensable cumulative trauma or injury. *See Allied Fibers v. Rhodes,* 23 Va.App. 101, 474 S.E.2d 829 (1996). Accordingly, we reverse the commission's award and dismiss Ms. Walter's claim.

Ms. Walter has worked as a reservation agent for United Airlines for approximately six years. On August 25, 1995, she moved to a new work station, which was equipped with bright fluorescent lighting. At that time, her eyes began to burn. Within a week, she noticed darkening of a mole on her arm, developed speckles and coloration on her arms, and experienced joint pains and visual difficulty.

In awarding Ms. Walter medical benefits, the commission relied upon the medical opinions of Dr. Nancy V. Bruckner and Dr. Alan N. Moshell, both of whom diagnosed Ms. Walter as suffering from photosensitivity, defined as an "abnormal reactivity of the skin to sunlight." *The Sloane–Dorland Annotated Medical–Legal Dictionary* 551 (1987). Based upon Dr. Moshell's March 27, 1996 deposition, the commission held that Ms. Walter's condition was a disease, and that it resulted from long-term exposure to high intensity fluorescent lighting at her workplace.

In *Jemmott,* the Supreme Court rejected a definition of disease that

" 'is so broad as to encompass any bodily ailment of whatever origin [and] would make unnecessary and meaningless

the [injury-by-accident and occupational disease] categories specifically set forth in the Act.' "

*Jemmott*, 251 Va. at 198, 467 S.E.2d at 801–02 (citations omitted). The Court held that whether a claimant suffers from a compensable disease remains a mixed question of law and fact, and "just because a doctor opines that a particular impairment is a disease does not necessarily make it so." *Id.* at 198, 467 S.E.2d at 801. In dismissing the commission's award of benefits, the Supreme Court held that

> job-related impairments resulting from cumulative trauma caused by repetitive motion, however labeled or however defined, are, as a matter of law, not compensable under the present provisions of the Act."

*Id.* at 199, 467 S.E.2d at 802. The Court went on to say:

> [T]he opinion represents a clear refusal "to broaden the scope of the Act to include job-related impairments arising from repetitive motion *or cumulative trauma* . . . [and] we [have] held that *gradually incurred traumatic injuries* or *cumulative trauma conditions* were not compensable under the existing injury by accident-occupational disease dichotomy."

*Id.* at 199, 467 S.E.2d at 802 (quoting *Merillat Indus., Inc. v. Parks*, 246 Va. 429, 433, 436 S.E.2d 600, 602 (1993)) (emphasis added).

In *Rhodes*, we considered an award for hearing impairment caused by exposure to noise at work. In concluding that a hearing loss from cumulative noise exposure is not a disease under the Act, we noted that:

> The Supreme Court's holding [under *Jemmott*] is clear and unequivocal, and leaves no doubt that in Virginia cumulative trauma conditions, regardless of whether they are caused by repetitive motion, are not compensable under the Act.

*Rhodes*, 23 Va.App. at 104, 474 S.E.2d at 830.

Following *Jemmott* and *Rhodes*, we conclude that Ms. Walter's photosensitivity, resulting from cumulative exposure to radiation by fluorescent lights, is a gradually incurred injury

and not an industrial disease within the meaning of the Workers' Compensation Act. Thus, Ms. Walter's photosensitivity is not compensable. Accordingly, we reverse the commission's award of benefits and dismiss the claim.

*Reversed and dismissed.*